IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARK TWAIN MORTON, #230027,    )
                                    )
       Plaintiff,               )
                                      )
      v.                      )       CASE NO. 2:06-CV-885-WKW
                                        )              [WO]
                                      )
ARNOLD HOLT, et al.,[1]         )
                                      )
       Defendants.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Mark Twain Morton ["Morton"], a state inmate,

alleges that correctional officials violated his constitutional rights by allowing his exposure

to unreasonable levels of environmental tobacco smoke ["ETS"] during his incarceration

at the Bullock County Correctional Facility.  Specifically, Morton contends the defendants

acted with deliberate indifference to a substantial risk of serious harm by failing to enforce

the prison's no-smoking policy properly.[2]  Morton names Arnold Holt, a warden at Bullock

at the time he filed this cause of action, and Richard Allen, commissioner of the Alabama

---

      [1]In his responses to the defendants' special report, Morton advises that he seeks relief from the defendants only in their individual capacities.

      [2]The Smoke/Tobacco Free Policy of the Alabama Department of Corrections ["ADOC"] reads, in pertinent part, as follows:
> It is the policy of the ADOC that all ADOC owned or leased buildings, facilities, and vehicles will be smoke-free.... Smoking is strictly prohibited within all ADOC building[s]/institutions.... Smoking will be permitted outside all buildings/institutions only at designated smoking areas. Designated smoking areas will not be closer than ten (10) feet to the entrance of the building/institution.  A fire resistant receptacle for cigarette butts will be available in this area.... "Non-smoking" signs shall be posted at all building entrances and throughout the building.

*Defendants' Exhibit B (Administrative Regulation No. 009) - Court Doc. No. 19-3* at 1-2.

Department of Corrections, as defendants in this cause of action. Morton seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violations of his constitutional rights.

The defendants filed a special report and relevant supporting evidentiary materials addressing Morton's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat this report as a motion for summary judgment. *Order of March 9, 2007 - Court Doc. No. 20.* Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's responses in opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[3] The party moving for summary

---

[3]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic

judgment "always bears the initial responsibility of informing the district court of the basis

for its motion, and identifying those portions of the [record, including pleadings, discovery

materials and affidavits], which it believes demonstrate the absence of a genuine issue of

material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet

this burden by presenting evidence indicating there is no dispute of material fact or by

showing that the nonmoving party has failed to present evidence in support of some

element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of

any genuine issue of material fact. Thus, the burden shifts to the plaintiff to establish, with

appropriate evidence beyond the pleadings, that a genuine issue material to his case exists.

*Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324;

Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and

supported, an opposing party may not rely merely on allegations or denials in its own

pleading; rather, its response must ... set out specific facts showing a genuine issue for

trial."). A genuine issue of material fact exists when the nonmoving party produces

evidence that would allow a reasonable fact-finder to return a verdict in its favor.

*Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

---

only." Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 549 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motion for summary judgment, Morton is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim of a constitutional violation.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id.* at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant

of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome

5

of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003)

(citation omitted).  To demonstrate a genuine issue of material fact, the party opposing

summary judgment "must do more than simply show that there is some metaphysical doubt

as to the material facts....  Where the record taken as a whole could not lead a rational trier

of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the

evidence before the court which is admissible on its face or which can be reduced to

admissible form indicates that there is no genuine issue of material fact and that the party

moving for summary judgment is entitled to it as a matter of law, summary judgment is

proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings,

evidentiary materials and affidavits before the court show there is no genuine issue as to

a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of

material fact, the nonmoving party must produce evidence such that a reasonable trier of

fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the

nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts,

a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine

issue of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906

F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate

this court's disregard of elementary principles of production and proof in a civil case.  In

this case, Morton fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

## II.  DISCUSSION

Morton complains the defendants failed to protect him from exposure to harmful levels of exposure to secondhand smoke ("ETS").  "The Eighth Amendment governs 'the treatment a prisoner receives in prison and the conditions under which he is confined.' *Helling v. McKinney*, 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)."  *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005 (per curiam).  Correctional officials may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's health or safety when the official knows that the inmate faces "a substantial risk of serious harm" and with such knowledge disregards that risk by failing to take reasonable measures to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  A constitutional violation occurs only when a plaintiff establishes the existence of  "a substantial risk of serious harm, of which the official is subjectively aware,  ... and [that] the official does not respond[] reasonably to the risk'...."  *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001)(en banc), *quoting Farmer*, 511 U.S. at 844.  Thus, in order to survive summary judgment on this claim, Morton is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation. *LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994)."  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th

Cir. 1995).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a "'sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... [T]he prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003); *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (To establish that a prison official acted with deliberate indifference, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence.").

> [A] prisoner can state a cause of action under the Eighth Amendment for exposure to ETS by "alleging that [prison officials] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." *Helling*, 509 U.S. at 35, 113 S.Ct. 2475. As for the objective factor, the prisoner must show that he himself is being exposed to unreasonably high levels of ETS. *Id.* Relevant facts will include whether the prisoner remains housed in the environment and whether the facility has enacted a formal smoking policy. *Id.* at 35-36, 113 S.Ct. 2475. The objective factor further considers "a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS ... [and] also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id.* at 36, 113 S.Ct. 2475 (emphasis in original). As for the subjective factor, the prisoner must show that prison authorities demonstrated a "deliberate indifference" to his plight. *Id.* The adoption of a smoking policy "will bear heavily on the inquiry into deliberate indifference." *Id.*

*Hicks*, 400 F.3d at 1284.

8

In this case, Morton alleges that he suffers "heart aches from breathing in so much smoke ..." and also asserts that when he is around smoke "sometimes [his] neck ... an[d] throat ... be stinging...." *Amendment to Complaint - Court Doc. No. 16-2* at 1.  Morton also references the possibility of contracting lung cancer in the future. *Id.*  Morton contends that these various health issues and the potential for lung cancer are directly related to his being subjected to excessive levels of ETS due to the defendants' failure to enforce the no-smoking policy.  The evidentiary materials submitted by the defendants refute the plaintiff's conclusory allegations that they failed to enforce the no-smoking policy and, thereby, knowingly exposed him to excessive amounts of ETS.

Morton fails to proffer any evidence, other than his own statements, that he was exposed to levels of ETS which posed an unreasonable risk to his health.  Moreover, Morton offers no significantly probative or credible evidence that his alleged health issues are causally linked to his exposure to ETS.  Consequently, Morton "fails to objectively show that he was exposed to unreasonably high levels of ETS and that the risk to his health was so 'grave' as to 'violate contemporary standards of decency.'" *Hicks*, 400 F.3d at 1285.  Additionally, even if Morton could satisfy the objective factor of his claim, he fails on the subjective component.  The record is completely devoid of any evidence that the defendants had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to the plaintiff, and that the defendants actually drew this inference and thereafter ignored the attendant risk of harm.  Morton has therefore failed to

establish the requisite element of subjective awareness on the part of the defendants. *Hicks*,

400 F.3d at 1285; *Carter*, 352 F.3d at 1350.  Thus, Morton has not shown that the

defendants, acting with deliberate indifference, exposed him to levels of ETS which posed

an unreasonable risk of harm to his health.

In light of the foregoing, the court concludes that summary judgment is due to be

granted in favor of the defendants as Morton fails to satisfy the standards articulated in

*Hicks*.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED.

2.  Judgment be entered in favor of the defendants.

3.  The costs of this proceeding be taxed against the plaintiff.

4.  This case be dismissed with prejudice.

It is further

ORDERED that  on or before February 13, 2009 the parties may file objections to

this Recommendation.  Any objections filed must clearly identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 30th day of January, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE